**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2920
_____

SHELLY GROSS

v.

PETER CAIRO, Dauphin County Probation Services,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-21-cv-02188)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on October 24, 2023

Before: KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*

(Opinion filed: December 14, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FREEMAN, *Circuit Judge*.

Shelly Gross alleges that she was visibly pregnant when Probation Officer Peter Cairo punched her in the stomach while conducting a home visit in her neighborhood. Gross sued Cairo, and he moved to partially dismiss Gross's complaint on qualified immunity grounds. The District Court correctly held that Cairo is not entitled to qualified immunity at this stage of the case, so we will affirm.

## I.[1]

On January 10, 2020, Gross received a phone call from a neighbor. The caller expressed concern about another neighbor, identified as Mr. Jacobs, and asked Gross to check on him. Gross walked to Jacobs's house and knocked on his front door. Cairo, who was performing a home visit at Jacobs's house, opened the door. Cairo "was immediately rude and aggressive[,] demanding to know what [Gross] wanted." App. 39. Gross explained the purpose of her visit. As Gross moved toward the doorway, Cairo "suddenly" and "violently" struck her in her "visibly pregnant" stomach. App. 40.

Cairo's blow was forceful enough to cause immediate pain and prompt Gross to visit the emergency room, where she was diagnosed with placental hemorrhaging. She required additional medical care for the remainder of her pregnancy because of this injury.

Gross sued Cairo in his individual capacity under 42 U.S.C. § 1983 and Pennsylvania tort law. Her § 1983 claim alleged that Cairo violated her rights under the

---

[1] Because we write primarily for the benefit of the parties, we recite only the important facts. We recount the facts as alleged in the complaint.

2

Fourth and Fourteenth Amendments of the United States Constitution. Cairo moved to dismiss the § 1983 claim on qualified immunity grounds, and the District Court denied the motion. Cairo timely filed an interlocutory appeal.

**II.**

We begin by considering whether we have jurisdiction to hear this appeal.[2] "Ordinarily we do not have appellate jurisdiction to review district court orders denying motions to dismiss . . . because there is no final order within the meaning of 28 U.S.C. § 1291." *Acierno v. Cloutier*, 40 F.3d 597, 605 (3d Cir. 1994). But there are exceptions to this rule. One such exception gives us jurisdiction over an order denying a motion to dismiss on qualified immunity grounds to the extent that the denial "turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

In his appeal, Cairo asks us to determine whether he is entitled to qualified immunity under the facts alleged in Gross's complaint. This is a question of law. *See Rush v. City of Philadelphia*, 78 F.4th 610, 615 (3d Cir. 2023) ("[W]e may review the legal question of whether th[e] facts, so assumed, are sufficient to establish a violation of a clearly established constitutional right." (internal quotation marks omitted)). We therefore have jurisdiction to consider this appeal under 28 U.S.C. § 1291 and the collateral-order doctrine.

---

[2] The District Court exercised jurisdiction over Gross's § 1983 claim under 28 U.S.C. §§ 1331 and 1343(a)(3).

## III.

We review *de novo* a district court's denial of a motion to dismiss on qualified immunity grounds. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). Because this case comes before us "at the Rule 12(b)(6) stage of litigation, we must accept [Gross's] allegations as true and draw all inferences in [her] favor." *Dennis v. City of Philadelphia*, 19 F.4th 279, 284 (3d Cir. 2021).

The doctrine of qualified immunity insulates government officials who are "performing discretionary functions . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When analyzing a qualified immunity defense, we ask (1) whether the plaintiff sufficiently alleged "the violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of the alleged misconduct." *James*, 700 F.3d at 679.

### A.

Gross alleges that Cairo violated her Fourth and Fourteenth Amendment rights. To plead a Fourth Amendment violation, Gross must allege that (1) a seizure occurred, and (2) the seizure was unreasonable under the circumstances. *Lamont v. New Jersey*, 637 F.3d 177, 183 (3d Cir. 2011). She has done so.

A seizure has occurred when an "officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968); *see also Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000)

4

("A person is seized for Fourth Amendment purposes only if he is detained by means intentionally applied to terminate his freedom of movement."). Even fleeting physical force may constitute a seizure if it demonstrates an objective intent to restrain movement. *See Torres v. Madrid*, 141 S. Ct. 989, 998 (2021).

To determine whether a seizure is unreasonable under the circumstances, we consider various factors, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). We also weigh:

> [T]he physical injury to the plaintiff, the possibility that the persons subject to the police action are themselves violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the suspect may be armed, and the number of persons with whom the police officers must contend at one time.

*El v. City of Pittsburgh*, 975 F.3d 327, 336 (3d Cir. 2020) (internal quotation marks omitted).

Gross alleges that Cairo "suddenly" and "violently" struck her in her "visibly pregnant" stomach while she was moving toward her neighbor's doorway to conduct a welfare check. App. 40. The blow was targeted at a discernibly vulnerable part of Gross's body and was powerful enough to cause immediate pain and placental hemorrhaging. These facts are sufficient to demonstrate an objective intent to restrain Gross's movement. *See Torres*, 141 S. Ct. at 998 ("[T]he amount of force remains pertinent in assessing the objective intent to restrain."). Nothing in the complaint suggests that Gross was suspected of a crime, that she was attempting to evade Cairo, that

5

she was armed, or that she posed a physical threat to Cairo or anyone else. Taking these facts as true and drawing inferences in Gross's favor, the seizure was unreasonable. Gross therefore adequately alleges that Cairo violated her Fourth Amendment rights.[3]

B.

If the right at issue was clearly established in January 2020, when Cairo allegedly punched Gross, Cairo is not entitled to qualified immunity. A right is clearly established if it is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Peroza-Benitez v. Smith*, 994 F.3d 157, 165 (3d Cir. 2021). For a right to be sufficiently clear, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

When surveying precedent, we look for factually analogous cases. *Clark v. Coupe*, 55 F.4th 167, 182 (3d Cir. 2022) ("The Supreme Court does not require that earlier cases share the same or even similar facts for a right to be deemed clearly established; it is enough that the prior cases are factually analogous." (internal quotation marks omitted)).[4] We need not find "a precise factual correspondence between the case

---

[3] Because we resolve this appeal on Fourth Amendment grounds, we need not address Gross's alternative Fourteenth Amendment theory. *See County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) ("Substantive due process analysis is therefore inappropriate . . . if [a plaintiff's] claim is covered by the Fourth Amendment." (internal quotation marks omitted)).

[4] We consider, in this order, "Supreme Court precedent, as well as binding opinions from our own Court," then cases from other circuits that create "a robust consensus . . . of persuasive authority," and then district court cases. *Jefferson v. Lias*, 21 F.4th 74, 81 (3d Cir. 2021).

at issue and a previous case." *Peroza-Benitez*, 994 F.3d at 166 (internal quotation marks omitted). "[T]he question is whether a general constitutional rule already identified in the decisional law applies with obvious clarity." *Rivera v. Monko*, 37 F.4th 909, 918 (3d Cir. 2022) (internal quotation marks omitted)).

We conclude that Cairo was on notice. This Court has held that "an unarmed individual who is not suspected of a serious crime—including one who is verbally uncooperative or passively resists the police—has the right not to be subjected to physical force such as being grabbed, dragged, or taken down." *El*, 975 F.3d at 340. This right was clearly established in 2013, well before the conduct at issue here. *Id.*[5] According to her complaint, Gross was unarmed and was not suspected of any crime (let alone a serious one), and she nonetheless was subjected to sudden and violent physical force. On these facts, Cairo violated her clearly established right to be free from such force. The District Court therefore did not err in denying Cairo's motion to dismiss.

*     *     *

For the foregoing reasons, we will affirm the District Court's order denying Cairo's motion to dismiss.

---

[5] The events alleged in the complaint took place in January 2020. In *El*, we relied on "cases from our sister Circuits establish[ing] a consensus of persuasive authority" to hold that the right at issue was clearly established by July 2013. 975 F.3d at 340 (cleaned up).